IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DAVID R. ANDERSON,

Plaintiff,

v.

BANK OF THE WEST, JOHN DOE, and
U.S. BANK NATIONAL ASSOCIATION,

Defendants.

**8:20CV114**

**MEMORANDUM
AND ORDER**

This matter is before the Court on defendant U.S. Bank National Association's ("U.S. Bank") Motion to Dismiss (Filing No. 14) plaintiff David R. Anderson's ("Anderson") Second Amended Complaint (Filing No. 9) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons stated below, the Motion to Dismiss the Second Amended Complaint as to U.S. Bank is granted.

## I.    BACKGROUND

Anderson resides in Lancaster County, Nebraska. In 2005, Anderson obtained a home loan from a predecessor of U.S. Bank for a parcel of residential real estate located at 7040 North Hampton Road, Lincoln, Nebraska (the "property"). The loan was secured by a promissory note and a deed of trust.[1]

On February 12, 2019, the property was sold at a purported trustee's sale. At the time, the property was subject to three different deeds of trust. Defendant Bank of the West ("Bank of the West") was the high bidder.

---

[1]The Nebraska Trust Deeds Act (the "Act"), Neb. Rev. Stat. § 76-1001 *et seq.*, authorizes the parties to a loan to use a trust deed to convey "real property to a trustee in a trust to secure the performance of" the borrower's obligations. *See also First Nat'l Bank of Omaha v. Davey*, 830 N.W.2d 63, 66 (Neb. 2013). If the trust deed expressly gives the trustee a power of sale, the trustee can—in the event of a qualifying breach—sell the conveyed property in accordance with proscribed procedures without judicial authorization or direction. *See id.*; Neb. Rev. Stat. § 76-1005.

On April 24, 2019, Anderson sued Bank of the West and John Doe ("Doe") in the District Court of Lancaster County, Nebraska ("state court"), trying to vacate the sale. *See* Case No. CI 19-1292. On Bank of the West's motion, *see* Neb. Ct. R. of Pldg. § 6-1112(b)(6), the state court dismissed Anderson's complaint on December 5, 2019, for failure to state a claim.

A couple of months later, Anderson filed an Amended Complaint (Filing No. 1-1) in that same case, again naming Bank of the West and Doe as defendants and adding U.S. Bank as a defendant. Anderson, who was the record owner of the property before the sale, seeks to have the "sale, and its resulting conveyance(s) set aside, and to have title to the [p]roperty quiet in [him]." Anderson asserts the trustee did not have authority to conduct the sale and Bank of the West "was not, and is not a bona fide purchaser or encumbrancer for value and without notice."

With Bank of the West's consent (Filing No. 1-3), U.S. Bank removed (Filing No. 1) the case to this Court pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.[2] U.S. Bank then filed a motion to dismiss (Filing No. 5), which the Court denied as moot (Filing No. 11) when Anderson filed his Second Amended Complaint.

On May 11, 2020, U.S. Bank filed the present motion to dismiss the Second Amended Complaint for failure to state a claim. Anderson opposes (Filing No. 20) the motion, arguing he has stated plausible claims for relief. Alternatively, Anderson "makes a protective request, should the Court disagree, for leave to further amend his operative Complaint." Anderson has not filed a motion or provided a proposed amended pleading in conjunction with that request. *See* NECivR 15.1(a).

---

[2]Anderson states he sued Bank of the West because "it does or may claim an interest in the" property. The parties do not explain—and it is not clear from the record—how Anderson filed an amended complaint in state court and named Bank of the West as a defendant after the state court granted Bank of the West's motion to dismiss the complaint for failure to state a claim. To add to the confusion, Bank of the West does not appear to have taken any action in this case after consenting to removal.

## II.    DISCUSSION

### A.    Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff need not provide "'detailed factual allegations'" but must give "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding a Rule 12(b)(6) motion, the Court accepts "as true all factual allegations in the complaint and draw[s] all reasonable inferences in favor of the nonmoving party." *McDonough v. Anoka County*, 799 F.3d 931, 945 (8th Cir. 2015). But the Court is "not bound to accept as true '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' or legal conclusions couched as factual allegations." *Id.* (alteration in original) (quoting *Iqbal*, 556 U.S. at 678). "The [C]ourt generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Ashford v. Douglas County*, 880 F.3d 990, 992 (8th Cir. 2018) (quoting *Smithrud v. City of St. Paul*, 746 F.3d 391, 395 (8th Cir. 2014)).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, 'it stops

short of the line between possibility and plausibility'" and must be dismissed.  *Id.* (quoting *Twombly*, 550 U.S. at 556-57).

### B.   U.S. Bank

As he did in his original state-court complaint, Anderson questions the validity of the trustee's sale and the transfer of title to the property to Bank of the West.  Anderson broadly alleges his "Home Loan was maintained and serviced in a manner or manners which violated the Fair Debt Collection Practices Act [("FDCPA")] and the Real Estate Settlement Procedures Act [("RESPA")]."  Anderson further alleges U.S. Bank and others "failed to comply with" certain "foreclosure avoidance procedures" required by (1) "a consent judgment adopted through the case styled, *United States v. Bank of America Corp.*, United States District Court for the District of Columbia Case No. 1:12-cv-00361 (April 4, 2012)," (2) 24 C.F.R. § 203.600 *et seq.*, and (3) 12 C.F.R. §§ 1024.39, 1024.40, and 1024.41 and thus "breached the terms of the original, underlying loan documents and agreements."  According to Anderson, those failures rendered any foreclosure activities either void or voidable under Nebraska law.

U.S. Bank takes issue with Anderson's allegations.  In U.S. Bank's view, the Second Amended Complaint is "chock full of legal conclusions" but "lacks facts sufficient to state a claim and attempts to bring claims where none exist."  U.S. Bank gives two main reasons to dismiss the Second Amended Complaint.

First, aptly noting that "Anderson does not separate the causes of action into separately designated counts," U.S. Bank contends Anderson has neither identified an actionable FDCPA or RESPA violation nor properly pled any other cause of action.  In particular, U.S. Bank faults Anderson for relying on broad legal requirements that do not apply to U.S. Bank in these circumstances and for failing to provide even basic facts to support a viable claim.  According to U.S. Bank, Anderson's conclusory allegations have left it and this Court to guess at the nature of his claims and his asserted grounds for relief.

4

Second, U.S. Bank argues that even if Anderson could plead a cause of action "for violating RESPA, the FDCPA, or another federal law or regulation, it would not be sufficient to unwind the non-judicial sale."  The parties agree this second question is controlled by *Gilroy v. Ryberg*, 667 N.W.2d 544, 552-54 (Neb. 2003), in which the Nebraska Supreme Court decided that although the Act does not provide a remedy for defects in a trustee's foreclosure sale, the trustor can, in certain circumstances, bring an equitable action to set aside a defective sale.

In defining the scope of that equitable remedy, the *Ryberg* Court joined those jurisdictions refusing "to adopt a rule that would set aside every sale that does not strictly comply with the requirements of the trust deed or relevant statutes." *Id.* at 553.  Instead, the *Ryberg* Court recognized three categories of defect in a trustee's sale: "(1) those that render the sale void, (2) those that render the sale voidable, and (3) those that are inconsequential." *Id.*  Defects that void a sale are rare. *Id.* at 554.  They generally occur when the trustee had no power to conduct the sale (forgery, no default) or when the trustee egregiously fails "to comply with fundamental procedural requirements while exercising the power of sale." *Id.*  "When a sale is void," neither legal nor equitable title passes— even to a bona fide purchaser. *Id.*

"[T]o establish a defect that renders the trustee's sale voidable, the party seeking to set aside the sale must show not only the defect, but also that the defect caused the party prejudice," such as by reducing the sales price or the number of bidders. *Id.* at 555, 558. Absent such a showing, the defect does not justify setting the sale aside. *Id.* at 555.  When a sale is voidable, only legal title passes to a sale purchaser. *Id.* at 554.  "An injured party can have the sale set aside" unless legal title has passed to a bona fide purchaser. *Id.*; *see also* Neb. Rev. Stat. § 76-1010(1) (permitting a trust deed to provide additional protections to a bona fide purchaser for value).

Here, U.S. Bank contends Anderson has not alleged any facts that would render the sale void or voidable.  According to U.S. Bank, any alleged violations of federal law are

5

not grounds to unwind a judicial sale under *Ryberg* because they do not impact the validity of the sale under the Act.

Anderson sees things differently. Although he acknowledges that U.S. Bank raises several issues regarding the Second Amended Complaint that are at least "debatable," Anderson rejects U.S. Bank's contention that he failed to provide enough factual and legal support to state a plausible claim.

As Anderson sees it, he "sets forth at least two (2), recognizable claims, one illustrated in paragraph 15 of the Second Amended Complaint, and another in paragraph 16." Anderson asserts, "Paragraph 15 makes a claim for one or more violations of Federal law; paragraph 16 sets out . . . a '*Ryberg* claim', which is to say, a claim to set aside the conduct of a non-judicial trustee's sale." Opining "there is scant else that can be said" about his regulatory claim, Anderson maintains no further factual development is required to provide U.S. Bank with "fair notice" of that claim.

With respect to his purported *Ryberg* claim, Anderson admits that case does not specifically address the situation here and provides little guidance on some of the key issues he raises. He also admits there is "scant law" in support of his proposed extension of *Ryberg*. Yet, Anderson states he "believes and submits that his claims in this action are, indeed, of the sorts which are recognized under *Ryberg*."

In support, Anderson relies on *Manard v. Williams*, 952 S.W.2d 387 (Mo. Ct. App. 1997), which the Nebraska Supreme Court cited in *Ryberg*, in an effort to expand what he sees as a long list of "the sorts of defects" that render a sale void or voidable and to convince this Court to adopt a correspondingly broad definition of prejudice. According to Anderson, the lesson from *Manard* is that the defects that could render a sale void or voidable "include what may at first seem relatively minor errors in the processes, which have the effect or potential of causing some degree of confusion to the one being ousted."

6

As to prejudice, Anderson asserts "*Manard* recognizes what is likely the most apparent prejudice, which is the prejudice occurring when redemption is impeded." Anderson would further expand that definition to cover any act that "impedes reinstatement of a loan."

Based on his expansive interpretation of *Ryberg* and *Manard*, Anderson urges the Court to conclude that the types of potential defects that render a sale void or voidable under *Ryberg* are not limited to the Act or to the trustee's power of sale. According to Anderson, a far-greater number of contractual conditions and state statutory and federal regulatory requirements are "conditions precedent" to foreclosure and must be observed for the foreclosure to be effective. If any one of those conditions is not met, the sale is invalid and must be set aside.

Though neither party's interpretation of *Ryberg* is perfect, U.S. Bank has the better reading of that case. Anderson argues otherwise, but the *Ryberg* Court spoke in terms of significant "defects in a trustee's sale conducted under a power of sale in a trust deed, and "egregious failure[s] to comply with fundamental procedural requirements while exercising the power of sale," not defects in general or those causing some confusion over the course of a loan. *Ryberg*, 667 N.W.2d at 553-54. It discusses the reasoning in *Manard* in the same way. *Id.* at 554 (citing *Manard*, 952 S.W.2d at 392, for the proposition that "[a]n irregularity in the execution of a foreclosure sale must be substantial or result in a probable unfairness to suffice as a reason for setting aside a voidable trustee's deed") (alteration in original)).

What's more, Anderson's unduly expansive view of what constitutes a qualifying "defect" is inconsistent with the *Ryberg* Court's rejection of "a rule that would set aside every sale that does not strictly comply with the requirements of the trust deed or relevant statutes." *Id.* at 553. Broadly construing every potentially related contractual, statutory, and regulatory requirement as a "condition precedent" to an effective foreclosure, as Anderson suggests, largely ignores *Ryberg*'s materiality and prejudice requirements and

would render non-judicial foreclosure "unworkable" as "a remedy for recovering collateral that is quicker and less expensive than judicial foreclosure." *Id.* As the *Ryberg* Court put it, "[t]he resulting uncertainty and increased chance of litigation would deter bidders from participating at sales and lead lenders to choose judicial foreclosure." *Id.*

The Court is not convinced the Nebraska Supreme Court would dramatically expand the equitable remedy recognized in *Ryberg* in the way Anderson proposes. *See Lindholm v. BMW of N. Am., LLC*, 862 F.3d 648, 651 (8th Cir. 2017) ("[W]here state courts have not decided a particular substantive legal issue of relevance, [the Court] must try to predict how the state's highest court would do so and decide the case accordingly.").

That said, the bigger problem with the Second Amended Complaint is Anderson's failure to plead sufficient facts to support his claims, such as they are. "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

For the most part, Anderson's allegations consist of speculation, "labels and conclusions," and "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Such allegations do not "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## C.    Leave to Amend

In his brief in opposition, Anderson alternatively asks for leave to amend his Second Amended Complaint should the Court find it does not give U.S. Bank fair notice of his claims. Anderson's passing mention in his brief of the possibility of leave to further amend the Second Amended Complaint is not a proper motion to amend. *See, e.g., Wolgin v. Simon*, 722 F.2d 389, 394 (8th Cir. 1983) (concluding that a request for leave to amend in an opposition brief to a motion to dismiss should not "be construed as a motion for leave to amend"). Under Federal Rule of Civil Procedure 7(b)(1), "[a] request for a court order

8

must be made by motion" and must "state with particularity the grounds for seeking the order" and "the relief sought."  Under Nebraska Civil Rule 15.1(a),

> A party who moves for leave to amend a pleading . . . must file as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments. Except as stated in these rules or court order, the proposed amended pleading must be a complete pleading that, if allowed to be filed, supersedes the original pleading in all respects; no part of the prior pleading may be incorporated into the proposed amended pleading by reference. The motion for leave to amend must (1) specifically state the proposed amendments and (2) state whether the motion is unopposed or opposed, after conferring with opposing parties.

*Accord Glickert v. Loop Trolley Transp. Dev. Dist.*, 792 F.3d 876, 880 (8th Cir. 2015) ("[T]o preserve the right to amend a complaint a party must submit a proposed amendment along with its motion." (quoting *Wolgin*, 722 F.2d at 395)).

Because Anderson has neither filed a proper motion nor attached a proposed amended complaint, his informal request for leave to amend is denied.

### D.    The Remaining Defendants

The Court's ruling on U.S. Bank's motion to dismiss and the underlying circumstances in this case cast serious doubt on the viability of any claims Anderson may have intended to make against the remaining defendants.  But given the gaps in the limited record before the Court and the deficiencies in the Second Amended Complaint, the Court will give Anderson an opportunity to address some lingering issues in this case.

#### 1.    John Doe

Anderson names "John Doe" as a defendant in this case.  "It is generally impermissible to name fictitious parties as defendants in federal court." *Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019); *see also* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties.").  A plaintiff may, however, be allowed to make a claim "against a party whose name is unknown if the complaint makes allegations specific

9

enough to permit the identity of the party to be ascertained after reasonable discovery." *Id.* (quoting *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)).

Here, the only reference to Doe in the Second Amended Complaint is in the caption. Anderson makes no effort to allege who Doe is, how he is connected to this case, what he allegedly did, "or any other facts that would permit [him] to be noticed or identified through discovery." *Id.*

In light of those pleading deficiencies, Anderson is hereby ordered to show cause on or before July 29, 2020, why the Second Amended Complaint should not be dismissed as to Doe.

### 2.    Bank of the West

As noted above, Bank of the West consented to removal of this case on March 25, 2020, but does not appear to have participated in this case after that.  More precisely, Bank of the West has not answered or otherwise responded to the Second Amended Complaint or taken any other action in this matter.

Under Nebraska Civil Rule 41.2, the Court may dismiss a case at any time if it is "not being prosecuted with reasonable diligence."  *Accord Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

In the four months that have passed since this case was removed, Anderson does not appear to have taken any action to prosecute any claim he may make against Bank of the West beyond naming it in the Second Amended Complaint.  Given the analysis above and the lack of activity in this case involving Bank of the West, Anderson is ordered to show cause on or before July 29, 2020, why the Second Amended Complaint should not be dismissed as to that defendant.

Based on the foregoing,

IT IS ORDERED:

1.  Defendant U.S. Bank National Association's Motion to Dismiss (Filing No. 14) is granted.

2.  Plaintiff David R. Anderson's Second Amended Complaint (Filing No. 9) is dismissed with prejudice as to U.S. Bank for failure to state a claim upon which relief may be granted.

3.  Anderson's informal and unsupported request for leave to amend is denied.

4.  Anderson must show cause on or before July 29, 2020, why the Second Amended Complaint should not be dismissed as to defendants John Doe and Bank of the West for the reasons stated above.

5.  Failure to timely respond to this Order could result in the dismissal of this case without further notice.

Dated this 22nd day of July 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge