IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DAVID R. ANDERSON,

    Plaintiff,

v.

BANK OF THE WEST, JOHN DOE, and
U.S. BANK NATIONAL ASSOCIATION,

    Defendants.

8:20CV114

MEMORANDUM
AND ORDER

On July 22, 2020, the Court granted (Filing No. 22) U.S. Bank National Association's ("U.S. Bank") Motion to Dismiss (Filing No. 14) plaintiff David R. Anderson's ("Anderson") Second Amended Complaint (Filing No. 9) for "failure to state a claim." Fed. R. Civ. P. 12(b)(6). In granting dismissal, the Court rejected Anderson's informal request to amend his pleading, in part, for failing to follow Nebraska Civil Rules 7.1(b) and 15.1(a). The Court also ordered Anderson to show cause why the Second Amended Complaint should not be dismissed as to (1) John Doe ("Doe") for his failure to include sufficient allegations to properly name a fictitious party as a defendant and (2) Bank of the West ("Bank of the West") for his failure to prosecute under Nebraska Civil Rule 41.2.

Now before the Court is Anderson's cursory response (Filing No. 23) to the Court's show-cause order and his Motion for Leave to File Third Amended Complaint (Filing No. 24). After careful review, the Court finds Anderson's response inadequate and his motion abandoned.

Anderson's brief response to the show-cause order gives three short reasons to not dismiss. The first tries to shift the focus from Anderson's deficiencies in pleading and prosecuting this case to Doe and Bank of the West, observing neither has asked for dismissal. Leaving aside the absurdity of requiring an unidentified Doe to request the

dismissal of a complaint, Anderson's first point is not responsive to the specific deficiencies the Court identified in its show-cause order.

For his second point, Anderson opines that the Court dismissed all of the claims giving it original jurisdiction of this case and "suggests that as to [Doe and Bank of the West], this case should be remanded to the District Court of Lancaster County, rather than being dismissed." He vaguely suggests—but does not argue—that judicial economy, fairness, convenience, and comity justify remand. His informal request for remand is otherwise unjustified and relatively short-lived.[1]

In his last point, Anderson puts all his eggs in an entirely different basket. Anderson states in paragraph three that he will file a motion under Federal Rule of Civil Procedure 15(a)(2) seeking "leave to further amend his complaint, and, in particular, to cure the deficiencies in the Second Amended Complaint." Anderson filed his motion on July 30, 2020, again naming U.S. Bank, Doe, and Bank of the West as defendants in his proposed amended pleading.

But Anderson did not take care to make sure that basket could carry the load. Nebraska Civil Rule 7.1(a)(1)(A) requires a party filing a motion that raises "a substantial issue of law" to support the motion by filing and serving a brief that "concisely state[s] the reasons for the motion and cite[s] to supporting authority." His "brief must be separate from, and not attached to or incorporated in, the motion or index of evidence." *Id.* The Court "may treat the failure to file" such a brief when required "as an abandonment of the motion." *Id.*

Here, Anderson's motion undoubtedly raises substantial issues of law, including whether (1) his post-dismissal motion is governed by Rule 15(a)(2), (2) justice is served by granting him leave, and (3) "there are compelling reasons" to deny his motion "such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by

---

[1]Anderson has not filed a motion for remand.

amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)). Anderson acknowledges that U.S. Bank opposes his motion on substantive grounds yet failed to file a supporting brief as required by Rule 7.1(a)(1)(A).[2]

Anderson also did not respond to U.S. Bank's brief in opposition (Filing No. 25) to his motion to amend. That leaves largely unanswered U.S. Bank's strong arguments that Anderson's request for leave is untimely in these circumstances and that his proposed amendments are futile because they do "not cure the deficiencies identified in the second amended complaint."[3] *See, e.g.*, *Geier v. Mo. Ethics Comm'n*, 715 F.3d 674, 678 (8th Cir. 2013) ("A district court's denial of leave to amend a complaint may be justified if the amendment would be futile.").

Given Anderson's perfunctory response to the Court's show-cause order and his repeated failure to follow the local rules, the Court is not inclined to overlook his latest failure to comply. To the contrary, the Court finds Anderson has abandoned his motion for leave to amend.

Even if the Court were willing to overlook Anderson's recurrent non-compliance, it would not grant him leave to amend in these circumstances. Though given ample opportunity, Anderson has repeatedly failed to effectively remedy his pleading deficiencies and has never adequately addressed the issues the Court identified in its July 22, 2020,

---

[2]As noted above, Anderson's failure to comply with Rule 7.1 played a part in the Court's rejection of his "informal and unsupported request for leave to amend" as well.

[3]Anderson did file a short response (Filing No. 28) to Bank of the West's brief (Filing No. 28), which briefly addresses some of the same issues, but he has not responded to the heart of U.S. Bank's thorough opposition.

order, including the Court's rejection of Anderson's expansive reading of *Gilroy v. Ryberg*, 667 N.W.2d 544, 552-54 (Neb. 2003).[4] Anderson's proposed changes do not suffice.

For the foregoing reasons,

IT IS ORDERED:

1. Plaintiff David R. Anderson's Motion for Leave to File Third Amended Complaint (Filing No. 24) is denied.
2. This case is dismissed with prejudice.
3. A separate judgment will issue.

Dated this 4th day of September 2020.

BY THE COURT:

*[signature]*

Robert F. Rossiter, Jr.
United States District Judge

---

[4]Of course, to the extent Anderson disagrees with the Court's interpretation of Nebraska law, he has every right to appeal. *See, e.g., Hiltner v. Owners Ins. Co.*, 869 F.3d 699, 701 (8th Cir. 2017) ("We review *de novo* the district court's interpretation and application of state law.").